UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CHRISTOPHER FREEMAN BROGDON,

    Defendant,

-and-

CONNIE BROGDON, et al.,

    Relief Defendants.

15 Civ. 8173 (KM)

**JUDGMENT AS TO DEFENDANT CHRISTOPHER FREEMAN BROGDON AND RELIEF DEFENDANT CONNIE BROGDON**

The Securities and Exchange Commission ("Plaintiff" or "SEC"), having filed a Complaint on November 20, 2015 (the "Complaint"), and the SEC that same day having filed an Order to Show Cause seeking emergency relief; and the Court having entered the Order to Show Cause on November 20, 2015 granting a temporary restraining order, an asset freeze, expedited discovery and other relief against defendant Christopher Freeman Brogdon ("Defendant"), and granting an asset freeze, expedited discovery and other relief against relief defendant Connie Brogdon ("Relief Defendant Connie Brogdon"); and granting expedited discovery against the other named relief defendants (together, with Relief Defendant Connie Brogdon, the "Relief Defendants"); Defendant and Relief Defendants having entered a general appearance; the Court having personal jurisdiction over Defendant and Relief Defendants; the Court having subject matter jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)] and Sections 21(d), 21(e), and 27 of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa]; venue in this District is proper pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15 U.S.C. § 78aa] because acts and transactions constituting violations alleged in the Compliant, including the offer and sale of securities, occurred within the District of New Jersey; the Court having held an evidentiary hearing on December 11, 2015 (the "Hearing"); Plaintiff, Defendant, and Relief Defendant Connie Brogdon having reached an agreement (*see* ECF No. 54) on this proposed Judgment and the accompanying proposed Order Appointing Monitor on Consent; Defendant and Relief Defendant Connie Brogdon having executed consents (ECF Nos. 54-3 & 4), without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph XIII) (the "Consents"); Defendant and Relief Defendant Connie Brogdon having waived findings of fact and conclusions of law; and Defendant and Relief Defendant Connie Brogdon having waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

  (a)  to employ any device, scheme, or artifice to defraud;

  (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained from, directly or indirectly, controlling any person who violates Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) or Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained from, directly or indirectly, aiding and abetting any violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), or Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with

Defendant or with anyone described in (a).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains, if any, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and that Relief Defendant Connie Brogdon shall pay disgorgement of ill-gotten gains, if any, and prejudgment interest thereon. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the SEC. Prejudgment interest, if awarded, shall be calculated from the dates of the violations, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant and Relief Defendant Connie Brogdon will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) Defendant and Relief Defendant Connie Brogdon may not challenge the validity of their Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed

true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties. Notwithstanding the foregoing, nothing in this Judgment shall limit the Defendant's or Relief Defendant Connie Brogdon's ability to raise any legal or equitable defense recognized as a good faith defense to an equitable claim for disgorgement or unjust enrichment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending resolution of the amounts of disgorgement, prejudgment interest, and civil penalty described in Paragraph VI, Defendant and Relief Defendant Connie Brogdon, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Defendant and Relief Defendant Connie Brogdon presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Defendant and Relief Defendant Connie Brogdon), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including the funds held in the

accounts listed in Exhibit A, except that Defendant and Relief Defendant Connie Brogdon may receive assets and pay living expenses, legal expenses, and business expenses as provided for in the Order Modifying Asset Freeze and Injunction dated December 17, 2015 (ECF No. 50).[1]

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending resolution of the amounts of disgorgement, prejudgment interest, and civil penalty described in Paragraph VI, all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Judgment by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendant or Relief Defendant Connie Brogdon or over which defendants exercise actual or apparent investment or other authority (including assets in the name of Defendant and Relief Defendant Connie Brogdon), in whatever form such assets may presently exist and wherever located, including the funds held in the accounts listed in Exhibit A, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen, except that Defendant and Relief Defendant Connie Brogdon may receive assets and pay living expenses, legal expenses, and business expenses as provided for in the Order Modifying Asset Freeze and Injunction dated December 17, 2015 (ECF No. 50).

---

[1] The SEC is authorized to transmit a version of Exhibit A containing the full account numbers for the bank and brokerage accounts listed therein to the relevant financial institutions identified in Exhibit A.

IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending resolution of the amounts of disgorgement, prejudgment interest, and civil penalty described in Paragraph VI, Defendant and Relief Defendant Connie Brogdon, any person or entity acting at their direction or on their behalf, and any other third party, be and hereby are (1) enjoined and restrained from destroying, altering or concealing all documents, books, and records that are in the possession, custody or control, directly or indirectly, of Defendant and Relief Defendant Connie Brogdon, and each of their respective officers, agents, employees, servants, accountants, financial or brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and related entities, that refer, reflect or relate to the allegations in the Complaint, and from otherwise interfering with the access of the monitor appointed in this action (the "Monitor") to all such non-privileged documents, books, and records to the extent provided in the Order Appointing Monitor on Consent; and (2) ordered to provide all reasonable cooperation to the Monitor in carrying out his duties set forth herein and in the Order Appointing Monitor on Consent.

X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Soneet R. Kapila, pending further order of this Court, be and hereby is appointed to act as Monitor pursuant to the Order Appointing Monitor on Consent, filed herewith.

XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending resolution of the amounts of disgorgement, prejudgment interest, and civil penalty described in Paragraph VI, that Paragraph XIII of the Court's November 20, 2015 Order, as modified by the Court's Order Modifying Asset Freeze and Injunction dated December 17, 2015 (ECF No. 50), which

ordered Defendant to provide a verified accounting, shall remain in full force and effect and is incorporated into this Judgment as if fully set forth herein.

## XII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendant Connie Brogdon shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the following undertakings and agreements:

1. Defendant and Relief Defendant Connie Brogdon shall redeem the outstanding conduit municipal bond offerings listed in Exhibit B to this Judgment by paying the bondholders all accrued interest and principal outstanding and any other amounts required under the bond documents. Defendant and Relief Defendant Connie Brogdon shall redeem the private placement offerings listed in Exhibit B to this Judgment by paying all outstanding principal and interest, and any other amounts as required under the private placement memoranda (the bondholders and investors in the private placements being collectively referred to as the "Investors"). In the event that the SEC becomes aware of any other securities offering that is not included on Exhibit B to this Judgment that the SEC believes should be included, then the SEC will call the offering to the attention of Defendant and the parties will seek in good faith to reach agreement as to whether the offering should be included in their agreement and this Judgment. If the parties cannot agree, then they may submit their dispute to the Court.

2. Defendant shall propose a plan (the "Plan"), subject to approval of the Monitor and of the Court, for the fair, prompt, and efficient disposition or refinancing of all or part of the entities and assets owned or controlled (in whole or in part) by Defendant listed on Exhibit C to this Judgment, as needed, to pay the Investors in full as described in the preceding Subparagraph

by no later than thirty (30) days from the entry of this Judgment. If such dispositions or refinancings are not sufficient to meet Defendants' obligations under the preceding Subparagraph, Defendant shall propose a further plan, subject to approval of the Monitor and of the Court, to fund such deficiency from the sale, refinancing or other disposition of the assets listed in the Declaration of Christopher F. Brogdon, sworn to December 9, 2015 (ECF No. 38).

3. Defendant shall provide quarterly updates to the Monitor on Defendant's implementation of the Plan, with sufficient advance notice as the Monitor shall require to allow the Monitor to include the information in the quarterly reports described in Section II of the Order Appointing Monitor on Consent.

4. Defendant shall make any changes to the Plan ordered by the Court.

5. Defendant and Relief Defendant Connie Brogdon shall grant the Monitor prompt access to all non-privileged books, records, and account statements for the entities and assets listed on Exhibit C, with such access to be provided online where available or with two business days' advance notice.

6. Defendant and Relief Defendant Connie Brogdon shall cooperate fully with requests by the Monitor reasonably calculated to fulfill the Monitor's duties pursuant to the Order Appointing Monitor on Consent.

7. Defendant and Relief Defendant Connie Brogdon shall certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative. The SEC may make reasonable requests for further evidence of compliance, and Defendant and Relief Defendant Connie Brogdon agree to provide such evidence, to the extent documentary evidence exists. Defendant and Relief Defendant Connie Brogdon shall submit the certification and

supporting material to Lara Shalov Mehraban, Associate Regional Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

### XIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

### XIV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

### XV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**SO ORDERED.**

Dated: Newark, New Jersey
December 28, 2015

_____
Hon. Kevin McNulty
United States District Judge

## EXHIBIT A

| Account Name | Financial Institution | Last 4 digits of Account Number(s) |
|---|---|---|
| Christopher and Connie Brogdon | BB&T Bank | 1529 |
| Connie Brogdon | Calton & Associates, Inc. | All accounts |
| Christopher and Connie Brogdon | Fidelity Bank | 4598 |
| Christopher Brogdon | First Citizens Bank | 1700 |
| Connie Brogdon | First Citizens Bank | 2747 |
| Connie Brogdon | Southwest Securities | All accounts including 4685 |
| Connie Brogdon | State Bank & Trust | 2297 and 0038 |
| Christopher Brogdon | Sterne Agee | All accounts including 7784 |
| Connie Brogdon | Sterne Agee | All accounts |
| Christopher Brogdon | SunTrust Bank | 7813 |
| Connie Brogdon | SunTrust Bank | 7232, 1347 |
| Christopher Brogdon | UBS Financial Services | All accounts including 5320 |
| Connie Brogdon | UBS Financial Services | All accounts including 6658, 6655, and 5309 |

Note: No other accounts are to be frozen.

## EXHIBIT B

| Closing Date | Issuer(s) | Type of Offering |
|---|---|---|
| 9/30/1992 | Liberty County Industrial Authority, Georgia | Healthcare Facility Revenue Bonds |
| 5/30/1997 | Toombs County Development Authority | First Mortgage Revenue Refunding Bonds & First Mortgage Revenue Bonds |
| 3/16/2000 | Development Authority of Bibb County, Georgia | First Mortgage Revenue Bonds |
| 2/25/2002 | The City of Sumner, Illinois | Healthcare Facility Revenue Bonds |
| 2/1/2010 | Tilly Mill Assisted Living, LLC | Promissory Notes Relating to Tilly Mill Assisted Living, LLC |
| 2/11/2010 | Polo Road Assisted Living, LLC | Certificates of Participation in Columbia Financial LLC |
| 6/10/2010 | The Medical Clinic Board of the City of Montgomery-1976 East | First Mortgage Revenue Bonds |
| 2/28/2011 | Chestnut Independent Living, LLC and Highlands Assisted Living, LLC | Certificates of Participation in Chestnut Financial LLC |
| 7/28/2011 | Oklahoma Operating, LLC | Certificates of Participation in Oklahoma Financial LLC |
| 8/31/2011 | Chelsea Investments, LLC | Certificates of Participation in Development Authority of Clayton County, Georgia First Mortgage Revenue Bonds |
| 9/28/2012 | The Medical Clinic Board of the City of Mobile (Second) | First Mortgage Healthcare Facility Revenue Bonds |
| 11/29/2012 | The Medical Clinic Board of the City of Mobile (Second) | First Mortgage Healthcare Facility Revenue Bonds |
| 4/29/2013 | Chelsea Investments, LLC | Certificates of Participation in Development Authority of Clayton County, Georgia Revenue Bonds and Savannah Economic Development Authority Subordinated Mortgage Healthcare Facility Revenue Bonds |
| 4/30/2013 | Bleckley-Cochran Development Authority | First Mortgage Healthcare Facility Revenue Bonds |
| 5/30/2013 | Arcadia Partners, LLC | Certificates of Participation in Cherokee Financial, LLC |
| 7/17/2013 | Crisp-Dooly Joint Development Authority | First Mortgage Healthcare Facility Revenue Bonds |

| Closing Date | Issuer(s) | Type of Offering |
|---|---|---|
| 7/28/2013 | Harrah Property Holdings, LLC, McLoud Property Holdings, LLC, and Meeker Property Holdings, LLC | Membership Interests in Oklahoma Investors, LLC |
| 9/26/2013 | The Medical Clinic Board of the City of Mobile (Second) | First Mortgage Healthcare Facility Revenue Bonds |
| 12/12/2013 | Thomaston-Upson County Industrial Development Authority | First Mortgage Healthcare Facility Revenue Bonds |

**EXHIBIT C**

| Entity | Facility Owned or Leased |
|---|---|
| 700 Ridgeview LLC | Ridge View at Meadow Brook |
| Alabaster Partners, LLC | Chandler Health and Rehab |
| Arcadia Partners, LLC | Creekside at Olde Town |
| Bama Oaks Retirement, LLC | Gordon Oaks (3145 Knollwood Drive, Mobile, Alabama) |
| Ban NH LLC | Betty Ann Nursing Center |
| Bay Landing LLC | Summers Landing Lynn Haven |
| Ben Hill Nursing, LLC | Fitzgerald Health Care Center |
| Bleckley NH LLC | Bryant Health and Rehabilitation Center |
| Brogdon Family, LLC | Various |
| Chattahoochee Nursing, LLC | Liberty Manor / Woodlands Health and Rehab<br>Whigham Nursing Home (lease and sublease only)<br>Porterfield Health & Rehab |
| Chelsea Investments, LLC | N/A (Issuer and Guarantor) |
| Chestnut Independent Living, LLC | Chestnut Hill of Highlands |
| Fairhope Nursing, LLC | Golden Living Center Nursing Home |
| Fitznurse, LLC | Ben Hill |
| Green Street NH LLC | Providence Health and Rehabilitation Center |
| Harrah NH, LLC and Harrah Property Holdings, LLC | Harrah Nursing Center |
| Highlands Assisted Living, LLC | Highlands Assisted Living |
| Hill Street Nursing & Rehab, LLC | Molena Health & Rehab |
| Kenmetal LLC | Kenwood Manor |
| Knollwood NH LLC | Gordon Oaks (3151 Knollwood Drive, Mobile, Alabama) |
| Laurelwood LLC | Laurelwood Health Care Center |
| Living Center LLC | The Living Center |
| Maple Tree Partners, LLC | Hickory Hill Specialty Care Assisted Living |
| Maplewood LLC | Maplewood Health Care Center |
| Marsh Pointe Management, LLC | N/A (Management Company) |
| McLoud NH, LLC and McLoud Property Holdings, LLC | McLoud Nursing Center |
| Meeker NH, LLC and Meeker Property Holdings, LLC | Meeker Nursing Center |
| Merion Nursing, LLC | Meadowbrook Health Care Center |
| Mid Crawford LLC | Roberta Health Care Center |
| Mid Dickson Nursing LLC | Dickson Healthcare Center |
| Mountain Nursing LLC | Hancock Manor Nursing Home |
| Oak Lake, LLC | Grand Lake Villa |
| Oak Partners Two, LLC | Bell Oaks |
| Oklahoma Investors, LLC | N/A (Borrower) |

| Entity | Facility Owned or Leased |
|---|---|
| Oklahoma Operating LLC | N/A (Borrower) |
| Osage Investments, LLC | Five Point Senior Living |
| PHNH LLC | Pinehill Nursing Home |
| Polo Road Assisted Living, LLC | Summers Landing Polo Road |
| River Willows NH, LLC | River Willows Nursing Home / Abbeville Healthcare & Rehab |
| Riverside Place LLC | Riverside Place |
| Saint Simons Healthcare, LLC | N/A (Management Company) |
| Senior NH LLC | Enid Senior Care |
| South Twin, LLC | Twin View Health Care Center |
| Southeastern Cottages, Inc. | Summers Landing Vidalia |
| Spring Nursing, LLC | Fort Valley Health Care Center |
| Tilly Mill Assisted Living, LLC | Summers Landing Tilly Mill |
| West Gallon, LLC | Gallaway Health Care Center |
| West Reel, LLC | Reelfoot Manor |
| Williams Street Nursing, LLC | Northern Lakes Nursing and Rehabilitation Center |
| Winter Haven Homes, Inc. | N/A (Operating Company) |