UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,

            v.                                          15. Civ. 8173 (KM) (JBC)

CHRISTOPHER FREEMAN BROGDON,

                    Defendant,

            -and-

BROGDON FAMILY, LLC, et al.,

                    Relief Defendants.

## [~~PROPOSED~~] FINAL JUDGMENT AS TO RELIEF DEFENDANT BROGDON FAMILY, LLC

The Securities and Exchange Commission ("Plaintiff" or the "SEC"), having filed a

complaint on November 20, 2015 (the "Complaint"), and the same day having filed an

emergency application for an order to show cause, temporary restraining order, preliminary

injunction, asset freeze, expedited discovery, and certain other relief; the Court having entered an

order to show cause on November 20, 2015, granting a temporary restraining order, an asset

freeze, expedited discovery and other relief against certain defendants and relief defendants,

including as to defendant Christopher Freeman Brogdon ("Brogdon"), relief defendant Connie

Brogdon (together, with Brogdon, the "Brogdons") and relief defendant Brogdon Family, LLC

("Relief Defendant"); Brogdon being the managing member and control person of Relief

Defendant; following a preliminary injunction hearing, the Court having entered judgment

against the Brogdons requiring, among other things, the Brogdons to redeem certain securities

offerings pursuant to a plan for the fair, prompt, and efficient disposition or refinancing of the

Brogdons' assets to be approved by the Court and a Court-appointed monitor (the "Monitor") (together with its subsequent amendments, the "Monitorship Plan") (ECF No. 58); the Court having approved the Monitorship Plan by order dated July 19, 2016 (ECF No. 133); the Monitorship Plan having authorized the creation of an account or accounts established by Brogdon, as approved by the Monitor, for the receipt and holding of certain sales and loan proceeds to be used to implement the Monitorship Plan, and for which the Monitor has the ability to access, review, and approve all disbursements therefrom (collectively, the "Segregated Accounts"); the Monitorship Plan having been extended through at least June 30, 2019, pursuant to the joint letter notice filed with the Court by the parties on March 22, 2019 (ECF No. 449); Relief Defendant having answered the Complaint; Relief Defendant having entered a general appearance; the Court having personal jurisdiction over Relief Defendant; the Court having subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Sections 20(b) and 22(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], and Sections 21(d), 21(e), and 27(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa(a)]; venue in this District being proper pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] because acts and transactions constituting violations alleged in the Complaint, including the offer, purchase, and sale of securities, occurred within this District; Relief Defendant having executed a consent (the "Consent"), without admitting or denying the allegations of the Complaint (except as to jurisdiction); Relief Defendant having waived findings of fact and conclusions of law; and Relief Defendant having waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Relief Defendant is liable for disgorgement of $246,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $60,798.75. Relief Defendant, through its managing member, Brogdon, shall satisfy this obligation by depositing $306,798.75 into the Segregated Accounts within 14 days after the entry of this Final Judgment.

If the Monitorship Plan is terminated and Relief Defendant still owes any portion of the amounts due under this Final Judgment, Relief Defendant shall pay those remaining amounts directly to the Commission.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brogdon Family, LLC, as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payments and case identifying information to the Commission's counsel in this action.  By making these payments, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission shall hold the Fund and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Final Judgment does not alter or amend the terms of any prior orders of this Court that constitute the Monitorship Plan.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

4

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


**SO ORDERED.**

Dated: Newark, New Jersey
     June  5   , 2019

 

Hon. Kevin McNulty
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

      v.

CHRISTOPHER FREEMAN BROGDON,

               Defendant,

   -and-

BROGDON FAMILY, LLC, et al.,

               Relief Defendants.

15. Civ. 8173 (KM) (JBC)

## CONSENT OF RELIEF DEFENDANT BROGDON FAMILY, LLC

1.     Relief defendant Brogdon Family, LLC ("Relief Defendant"), acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein,[1] which, among other things:

    a.     orders Relief Defendant to pay disgorgement of $246,000, together with prejudgment interest thereon in the amount of $60,798.75, which Relief Defendant, through its managing member, Brogdon, shall satisfy by

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Final Judgment.

depositing $306,798.75 into the Segregated Accounts within 14 days of the entry of the Final Judgment;

b.      orders that if the Monitorship Plan is terminated and Relief Defendant still owes any portion of the amounts due under the Final Judgment, Relief Defendant shall pay those remaining amounts directly to the Commission; and

c.      order that the Final Judgment does not alter or amend the terms of any prior orders of this Court that constitute the Monitorship Plan.

3.      Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6.      Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

2

8.      Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions.  Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding.  Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein.

10.     Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that she neither admits nor denies the allegations."  As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant:  (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be

3

made any public statement to the effect that Relief Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's:  (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action.  For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13.     Relief Defendant agrees that this Court shall retain jurisdiction over this matter

for the purpose of enforcing the terms of the Final Judgment.

Dated: _5/31/2019_

_____
Christopher Freeman Brogdon
Managing Member
Brogdon Family, LLC

On _May 31_, 2019, _Christopher Freeman Brogdon_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

KATHRYN M. BRANIGAN
NOTARY
EXPIRES
GEORGIA
JANUARY 15, 2021
PUBLIC
FORSYTH COUNTY

Approved as to form:

_____
Lauren A. Warner, Esq.
Chilivis, Cochran, Larkins & Bever LLP
3127 Maple Drive, NE
Atlanta, Georgia 30305
Telephone: (404) 262-6506
Attorney for Relief Defendant

5