UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>CHRISTOPHER BROGDON,<br>Defendant,<br>-and-<br>CONNIE BROGDON, et al.,<br>Relief Defendants. | 15. Civ. 8173 (KM) (JBC) |

**[~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANT CHRISTOPHER BROGDON AND RELIEF DEFENDANT CONNIE BROGDON**

The Securities and Exchange Commission ("Plaintiff" or the "Commission"), having filed a complaint on November 20, 2015 (the "Complaint"), and the same day having filed an emergency application for an order to show cause, temporary restraining order, preliminary injunction, asset freeze, expedited discovery, and certain other relief; the Court having entered an order to show cause on November 20, 2015, granting a temporary restraining order, an asset freeze, expedited discovery and other relief against defendant Christopher Brogdon ("Defendant"), and granting an asset freeze, expedited discovery and other relief against relief defendant Connie Brogdon ("Relief Defendant"); following a preliminary injunction hearing, the Court having entered judgment against Defendant and Relief Defendant on December 28, 2015 (ECF No. 58) (the "2015 Judgment"); the 2015 Judgment requiring, among other things, Defendant and Relief Defendant to pay disgorgement of ill-gotten gains, if any, and prejudgment interest thereon, in amounts to be determined by the Court upon motion of the Commission, and

for Defendant and Relief Defendant to comply with the undertakings and agreements set forth in Section XII (the "Equitable Undertakings"); the Equitable Undertakings including the payment or redemptions of the securities offerings listed on Exhibit B to the 2015 Judgment (the "Offerings"); the Equitable Undertakings also including the proposal of a plan for the fair, prompt, and efficient disposition or refinancing of Defendant's and Relief Defendant's assets to be approved by the Court and a Court-appointed monitor (together with its subsequent amendments, the "Monitorship Plan"); following a hearing, the Court having approved the Monitorship Plan by order dated July 19, 2016 (ECF No. 133); the Court having terminated the Monitorship Plan by order dated August 21, 2019 (ECF No. 498), as to all of Defendant's and Relief Defendant's assets except those identified therein and in subsequent Court orders; the Court having personal jurisdiction over Defendant and Relief Defendant; the Court having subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Sections 20(b) and 22(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], and Sections 21(d), 21(e), and 27(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa(a)]; venue in this District being proper pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] because acts and transactions constituting violations alleged in the Complaint, including the offer, purchase, and sale of securities, occurred within this District; Defendant and Relief Defendant having executed consents (the "Consents"), without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VII with respect to Defendant); Defendant and Relief Defendant having waived findings of fact and conclusions of law; and Defendant and Relief Defendant having waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder 17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], in the offer or sale of any security by the use of

any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained from, directly or indirectly, controlling any person who violates Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained from, directly or indirectly, aiding and abetting any violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] or Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Relief Defendant are liable, on a joint and several basis, for disgorgement of $36,805,051.47, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,937,831.02, for a total of $47,742,882.49. Defendant and Relief Defendant shall satisfy these obligations by paying $47,742,882.49 to the Commission within 30 days after entry of this Final Judgment.

Exhibit A to this Final Judgment lists certain Offerings that remain outstanding and which closed on or after November 20, 2010, and the amounts of disgorgement and prejudgment interest attributable to each such Offering. The amount of disgorgement owed by Defendant and Relief Defendant pursuant to this Final Judgment shall be reduced by any amounts of principal either distributed by an indenture trustee or otherwise repaid by Defendant, Relief Defendant, or entities they own and/or control to investors in the Offerings listed on Exhibit A (collectively, "Disgorgement Offsets"). Proof of the amounts of any such Disgorgement Offsets shall be provided by Defendant and Relief Defendant in a manner acceptable to the Commission and filed on the public docket in this action not later than 14 days after the payment of any such Disgorgement Offset.

Defendant is also liable for a civil penalty in the amount of $320,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $320,000 to the Commission within 30 days after entry of this Final Judgment.

Defendant and Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Christopher Freeman Brogdon as a defendant, and Connie Brogdon as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant and Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant and Relief Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant or Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Final Judgment. Defendant and Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**VII.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil money penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**VIII.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**IX.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED.**

Dated: Newark, New Jersey
Jan. 17 , 2020

Hon. Kevin McNulty
United States District Judge

**EXHIBIT A**

| Closing Date | Offering | Disgorgement | Prejudgment Interest | Total |
|---|---|---|---|---|
| 2/28/2011 | Certificates of Participation in Chestnut Financial LLC | $1,947,833.33 | $723,960.28 | $2,671,793.61 |
| 7/28/2011 | Certificates of Participation in Oklahoma Financial LLC | $2,800,000.00 | $980,343.35 | $3,780,343.35 |
| 8/31/2011 | Certificates of Participation in Development Authority of Clayton County, Georgia First Mortgage Revenue Bonds ("Clayton IV") | $2,028,350.75 | $700,929.83 | $2,729,280.58 |
| 9/28/2012 | The Medical Clinic Board of the City of Mobile (Second) First Mortgage Healthcare Facility Revenue Bonds ("Mobile I") | $11,155,977.57 | $3,365,077.27 | $14,521,054.84 |
| 11/29/2012 | The Medical Clinic Board of the City of Mobile (Second) First Mortgage Healthcare Facility Revenue Bonds ("Mobile II") | $5,446,707.38 | $1,607,756.14 | $7,054,463.52 |
| 4/29/2013 | Certificates of Participation in Development Authority of Clayton County, Georgia Revenue Bonds and Savannah Economic Development Authority Subordinated Mortgage Healthcare Facility Revenue Bonds ("Clayton V") | $1,249,894.94 | $349,060.44 | $1,598,955.38 |
| 5/30/2013 | Certificates of Participation in Cherokee Financial LLC | $1,675,000.00 | $462,347.84 | $2,137,347.84 |
| 7/17/2013 | Crisp-Dooly Joint Development Authority First Mortgage Healthcare Facility Revenue Bonds | $1,052,747.81 | $283,895.55 | $1,336,643.36 |

| Closing Date | Offering | Disgorgement | Prejudgment Interest | Total |
| --- | --- | --- | --- | --- |
| 9/26/2013 | The Medical Clinic Board of the City of Mobile (Second) First Mortgage Healthcare Facility Revenue Bonds ("Mobile III") | $7,992,061.97 | $2,104,605.82 | $10,096,667.79 |
| 12/12/2013 | Thomaston-Upson County Industrial Development Authority First Mortgage Healthcare Facility Revenue Bonds | $1,456,477.72 | $359,854.50 | $1,816,332.22 |
| | **Totals** | **$36,805,051.47** | **$10,937,831.02** | **$47,742,882.49** |